**IN THE CIRCUIT COURT OF BARBOUR COUNTY**
**EUFAULA DIVISION**

**KENITH BURDETT,**

**Plaintiff,**

**VS.**

**BANK ONE, N.A., CHARTER ONE BANK, N.A. LUANNE M. MIXON KEITH MIXON, Defendant "A", a fictitious individual, partnership or corporation responsible for the acts complained of in this complaint, whose name and identity is otherwise unknown to the plaintiff but will be added by amendment when ascertained, Defendant "B" whether singular or plural, being that person firm or entity, who or which caused or contributed to the Plaintiff's injuries and damages as complained of herein;**

**Defendants.**

**CASE NO.** CV-05-69

FILED
APR 21
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Kenith Burdett, by and through the undersigned attorneys, brings this action against Defendants Bank One, N.A. ("Bank One"), Charter One Bank, N.A. ("Charter"), Keith Mixon and Luanne M. Mixon on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

1. This is an identity theft case. For the last several years it has become well known in the national media that identity theft is a growing and nationwide problem. For example in a recent bulletin published by the National Automobile Dealers Association (NADA) it was stated that, "Identity theft is the fastest growing crime in the United States today". According to the U.S. Department of Justice, "Identity theft refers to crimes in which someone wrongfully obtains

and uses another person's personal data in some way that involves fraud or deception, typically for economic gain."

2. In August of 2000 The FBI called identity theft the fastest-growing white-collar crime in the nation and estimated that over 500,000 people would be victims that year.[i] Identity theft is a growth industry because in July 2003, two studies, *Gartner Research* and *Harris Interactive*, estimated that approximately 7 million people were victims of identity theft in the prior 12 months.[ii] Victims spend an average of 600 hours recovering from this crime, often over a period of years.[iii]

3. Plaintiff brings this action for damages based upon violations of Section 13A-8-199 of Alabama and negligence and wantonness. Plaintiff seeks actual damages, punitive damages, costs and attorneys fees.

**THE PARTIES**

4. Plaintiff is a natural person and consumer, a resident and a citizen of Barbour County in the State of Alabama and of the United States.

5. Defendant Bank One, N.A. is a corporation incorporated under the laws of Delaware. It has its principal place of business in Chicago, Illinois. It is licensed to do business in Alabama.

6. The Defendant, Charter One Bank, N.A., is a subsidiary of Citizens Financial Group and is a corporation doing business in Alabama and incorporated under the laws of Delaware.

7. Defendant Luanne M. Mixon is a citizen and resident of Pelham located in Shelby County, in the state of Alabama and of the United States.

8. Defendant Keith Mixon is a resident of Live Oak, Florida.

## FACTUAL ALLEGATIONS

9. Plaintiff first became aware that he had been a victim of identity theft after he attempted to obtain financing from Hilton Mortgage Company on or about October, 2004.

10. Plaintiff was denied the loan based on adverse information in his credit file.

11. Adverse information contained in his consumer credit reports stated and implied that Plaintiff had numerous student loan accounts and credit cards on which he was a co-signer.

12. Plaintiff had approximately fourteen (14) student loan accounts in excess of over $125,000.00 (one hundred and twenty-five thousand dollars) being reporting on his credit file by Trans Union, Experian and Equifax.

13. Plaintiff also had numerous credit card accounts reporting on his consumer file: a Citizens Bank Account, # 554514011127..., a GMAC Account # 34090442... and a Chase Bank Account, # 518338198001.

14. These accounts do not belong to the Plaintiff.

15. On November 17, 2004, Plaintiff contacted the Eufaula Police Department and filed a report regarding the student loans and other accounts fraudulently opened in his name.

16. Plaintiff initiated a dispute with the credit reporting agencies and American Education Services, the entity reporting the numerous student loan accounts.

17. On or about December 6, 2004, Plaintiff received a copy of documents from the loan file at issue herein.

18. After reviewing the documents Plaintiff learned that the Defendants Bank One and Charter were the banking institutions that issued the loans.

19. Plaintiff also learned that the loans were taken out by one Luanne M. Mixon.

20. On information and belief, over the course of at least 4 years, Luanne M. Mixon and/or Keith Mixon applied for and received over $125,000.00 in student loans from various credit providers including the defendants Bank One and Charter.

21. These loans were taken out with the use of the Plaintiff's name by forgery.

22. Luanne M. Mixon and/or Keith Mixon, on information and belief, also opened up credit card accounts in the Plaintiff's name.

23. On information and belief, neither Luanne M. Mixon nor Keith Mixon attended any college or graduate school during the period at issue.

24. Despite the fact that the Mixons were not enrolled in any learning institution Bank One and Charter continued to provide student loan funds by issuing checks payable to them over the course of at least 4 years.

25. Luanne M. Mixon and/or Keith Mixon forged the Plaintiff's name on loan applications and checks without his authority or consent.

26. The Mixons also forged the Plaintiff's name on credit card applications without his express or consent.

27. The Plaintiff was unaware of the numerous forgery acts by the Mixons, and was unaware that Bank One and Charter continued the issuing of loan checks over the course of at least 4 years in his name.

28. Plaintiff did not know and could not have known if the use of his identity until he was denied the mortgage loan he applied for as stated above.

29. The Mixons intentionally and fraudulently suppressed the fact that that they used the plaintiff's identity to obtain loans.

30. Luanne M. Mixon and/or Keith Mixon intentionally forged the Plaintiff's name on various student loan and credit card applications to receive the benefit of his credit worthiness, and continued these actions for several years.

31. The Plaintiff has suffered damages, including but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' conduct.

**COUNT ONE**
*Negligence and Wantonness*

32. This is a count against Defendants Bank One and Charter for negligence and wantonness.

33. At all times relevant herein defendants, Bank One and Charter, operated financial banking institutions throughout the United States.

34. During the operation of their banks and in the ordinary course of business Bank One and Charter accept loan applications, prepare student loan agreements and arrange financing for their customers.

35. As stated Defendants are on notice that identity theft is a nationwide problem.

36. Bank One and Charter, through their agents and employees prepared the student loan applications and agreements at issue in this matter. They were prepared at the direction of and under the guidance of the Defendants.

37. Defendants negligently or wantonly hired and/or supervised their agents in the financing of consumer transactions and the prevention of identity theft by either, knowing or should have known of the unfitness of the agents who are described above and yet employed them or continued to employ them or used their services without proper instruction with a disregard of the rights of the plaintiff; authorizing the wrongful conduct of said agents set forth

hereby; or ratifying the wrongful conduct of the agents as set forth herein; and said wrongful acts of agents were calculated to and did benefit the defendants.

38. Defendants failed to employ reasonable procedures to properly supervise their employees in order to prevent the theft of plaintiff's identity, which was a foreseeable consequence and a direct result of such failure.

39. Defendants through their actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

40. Defendants failed to invoke necessary functions, procedures or programs designed to insure that the personal identifiers of persons such as the Plaintiff would not be used in fraudulent transactions and did not employ commercially reasonable means to verify that the person(s) signing the loan agreements agreement was not an imposter.

41. In addition to actual or compensatory damages for its negligent conduct, defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages because of the reckless nature of their conduct.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendants for:

A. Actual damages;
B. Punitive damages;
C. For such other and further relief as may be just and proper.

**COUNT TWO**

42. This is a count against Luanne M. Mixon and Keith Mixon pursuant Section 13A-8-199 of the Code of Alabama

43. Plaintiff realleges the relevant forgoing paragraphs in support of this count.

44. The Mixons without the authorization, consent, or permission of the Plaintiff and with the intent to defraud him and others for her own benefit obtained records or accessed identifying information that would assist in accessing financial resources, obtaining identification documents, or obtaining benefits of the Plaintiff and obtained goods or services through the use of identifying information of the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Luanne M. Mixon and Keith Mixon for:

A. Actual and statutory damages;
B. Punitive damages;
C. Reasonable attorney's fees and costs;
D. For such other and further relief as may be just and proper.

Respectfully submitted,

**JAMES D. PATTERSON (PAT068)**
**EARL P. UNDERWOOD (UND008)**
Law Offices of Earl P. Underwood, Jr.
21 South Section Street
PO Box 969
Fairhope Alabama 36533
(251) 990-5558
(251) 990-0626 (Fax)

**JIM S. CALTON, JR. (CAL052)**
Calton & Calton
226 East Broad Street
Eufaula, Alabama 36027
(334) 687-3563
(334) 687-3564 (Fax)

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

**JAMES D. PATTERSON (PAT068)**

---

i *FBI Law Enforcement Bulletin,* August 2000 Issue http://www.fbi.gov/publications/leb/2000/aug00leb.pdf

ii *Identity Theft: The Aftermath 2003*, Identify Theft Resource Center, Summer 2003. http://www.idtheftcenter.org/idaftermath.pdf

iii See *Nowhere to Turn*, study by Privacy Rights Clearinghouse and CalPIRG. Found at www.privacyrights.org Revised 9-03