RECEIVED
2005 MAY 26 P 4: 05
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

**KENITH BURDETT,**

**Plaintiff,**

**v.**

**BANK ONE, N.A., et al.,**

**Defendants.**

**CASE NO.** 2:05CV0499-DRB

**ANSWER OF DEFENDANT JPMORGAN CHASE BANK, N.A.**

Defendant JPMorgan Chase Bank, N.A., successor by merger to and incorrectly denominated in the Complaint as Bank One, N.A., ("Chase") answers the Complaint as follows:

**FIRST DEFENSE**

Answering the paragraphs in plaintiff's Complaint, Chase admits, denies and states as follows:

To the extent that the introductory allegations of the Complaint are directed to Chase, Chase denies that the plaintiff has a viable cause of action. Chase is without knowledge or information sufficient to form a belief as to truth of the remaining introductory allegations.

**RESPONSE TO "PRELIMINARY STATEMENT"**

1. The allegations contained in paragraph 1 require no response from Chase. To the extent the allegations are directed to Chase, Chase denies that it was on notice, constructive or otherwise, of any alleged identity theft involving the plaintiff. Chase further avers that the contents of the materials cited in paragraph 1 speak for themselves.

2. The allegations contained in paragraph 2 require no response from Chase. To the extent the allegations are directed to Chase, Chase denies that it was on notice, constructive or otherwise, of any alleged identity theft involving the plaintiff. Chase further avers that the contents of the materials cited in paragraph 2 speak for themselves.

3. Chase denies the allegations contained in paragraph 3 to the extent they are directed to Chase and further denies that the plaintiff is entitled to any relief.

**RESPONSE TO "THE PARTIES"**

4. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Chase is a national bank chartered under the laws of the United States of America, with headquarters in Newark, Delaware. Chase admits that it does business in the State of Alabama. The remaining allegations of paragraph 5 are denied.

6. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

**RESPONSE TO "FACTUAL ALLEGATIONS"**

9. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Chase is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 10.

11. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Chase admits that it issued a credit card bearing Account No. 5183-3819-8001-XXXX. Chase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Chase admits that it issued student loans and that American Education Services serviced said student loans. Chase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18.

19. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Chase denies the allegations contained in paragraph 31 to the extent they are directed to Chase.

**RESPONSE TO "COUNT ONE"**

32. The allegations contained in paragraph 32 require no response from Chase.

33. Chase is a national bank chartered under the laws of the United States of America, with headquarters in Newark, Delaware. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Chase admits that as a part of its business it processes loan applications, including student loan applications. Chase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35. Chase denies the allegations contained in paragraph 35 to the extent they are directed to Chase.

36. Chase admits that as a part of its business it processes loan applications, including student loan applications. Chase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

Chase further denies that plaintiff is entitled to any of the relief requested in his prayer for relief at the conclusion of Count One.

**RESPONSE TO "COUNT TWO"**

42. Chase denies that plaintiff is entitled to any of the relief requested in this action.

43. The allegations contained in paragraph 43 requires no response from Chase.

44. Chase adopts and incorporates by reference all previous paragraphs of this Answer.

45. Chase denies the allegations contained in paragraph 45 to the extent that they are directed to Chase.

Chase further denies that plaintiff is entitled to any of the relief requested in his prayer for relief at the conclusion of Count One.

**SECOND DEFENSE**

Chase hereby denies any paragraph, portion of any paragraph, or other material averment in the plaintiff's Complaint not previously referred to herein and demands strict proof thereof.

**THIRD DEFENSE**

The plaintiff's Complaint fails to state a claim against Chase upon which relief can be granted.

**FOURTH DEFENSE**

The plaintiff's claims are subject to binding arbitration.

**FIFTH DEFENSE**

The plaintiff's claims are barred by the applicable statute of limitations.

**SIXTH DEFENSE**

The plaintiff has waived, released, or are otherwise estopped from asserting the claims alleged in his Complaint.

**SEVENTH DEFENSE**

The plaintiff's state law claims are completely and defensively preempted by federal law.

**EIGHTH DEFENSE**

Defendant Chase has at all material times complied fully with the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq.*, including the Fair and Accurate Credit Transactions Act of 2003,

("FCRA") and all federal regulations promulgated pursuant thereto.

**NINTH DEFENSE**

The plaintiff has no private right of action against Chase for certain claims asserted under the FCRA.

**TENTH DEFENSE**

The plaintiff's claims against Chase are barred by qualified immunity under the FCRA.

**ELEVENTH DEFENSE**

Chase denies that the plaintiff has been injured, damaged, or harmed as a result of any act on the part of Chase or its agents, employees, or servants.

**TWELFTH DEFENSE**

Chase avers that there is no causal relationship between its conduct and the plaintiff's alleged injuries that are the basis of this lawsuit.

**THIRTEENTH DEFENSE**

Any harm allegedly suffered by the plaintiff was caused by the conduct of third parties for whom Chase owes no legal responsibility.

**FOURTEENTH DEFENSE**

The plaintiff is barred from recovery, in whole or in part, by his own fraudulent conduct, consent, and/or acquiescence.

**FIFTEENTH DEFENSE**

The plaintiff is barred from recovery, in whole or in part, by the doctrine of unclean hands.

**SIXTEENTH DEFENSE**

Chase has acted at all times in good faith, with due care, and without malice or intent to injure the plaintiff.

**SEVENTEENTH DEFENSE**

Chase denies that it acted negligently.

**EIGHTEENTH DEFENSE**

Chase owes no legal duty to the plaintiff.

**NINETEENTH DEFENSE**

Chase denies that it breached any duty or contractual obligation allegedly owed to the plaintiff.

**TWENTIETH DEFENSE**

Chase denies that it acted recklessly, willfully, or wantonly.

**TWENTY-FIRST DEFENSE**

Chase did not engage in any conduct that would give rise to a cause of action for outrage.

**TWENTY-SECOND DEFENSE**

The plaintiff has failed to mitigate his damages.

**TWENTY-THIRD DEFENSE**

To the extent that the plaintiff seeks compensatory damages for mental anguish or pain and suffering in this case, any award of such damages would violate Chase's right to procedural and substantive due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the State of Alabama, as amended, because, among other things, of the vagueness and uncertainty of the criteria for the recovery of compensatory damages for pain and suffering; therefore, the plaintiff cannot recover compensatory damages for pain and suffering.

**TWENTY-FOURTH DEFENSE**

Chase's supplying of information, if any, was true, privileged, and/or justified.

**TWENTY-FIFTH DEFENSE**

Chase has not willfully or maliciously published any defamatory information with respect to plaintiff's credit status or credit file.

**TWENTY-SIXTH DEFENSE**

Chase did not make any statement concerning the plaintiff or the plaintiffs credit status that resulted in damage to the plaintiffs reputation.

**TWENTY-SEVENTH DEFENSE**

The plaintiffs claims for damages are barred by Alabama Code § 6-5-186.

**TWENTY-EIGHTH DEFENSE**

Chase avers that the communications made the basis of the plaintiffs Complaint are privileged under the common law of the State of Alabama.

**TWENTY-NINTH DEFENSE**

At all pertinent times, Chase maintained reasonable procedures to ensure maximum accuracy of its submission of information to consumer reporting agencies.

**THIRTIETH DEFENSE**

The plaintiff's contributory negligence bars any recovery against Chase.

**THIRTY-FIRST DEFENSE**

Chase avers that the plaintiff is not entitled to recover on alternative theories of relief in this action.

**THIRTY-SECOND DEFENSE**

Chase denies that any of the other defendants, their employees, agents or representatives, were acting as Chase's agents.

**THIRTY-THIRD DEFENSE**

The plaintiff's claims are barred by Chase's statutory and/or regulatory compliance.

**THIRTY-FOURTH DEFENSE**

The plaintiff's alleged damages, if any, were not directly or proximately caused by any act or omission of Chase.

**THIRTY-FIFTH DEFENSE**

Chase is entitled to be indemnified for any and all damages assessed against it and awarded to the plaintiff.

**THIRTY-SIXTH DEFENSE**

Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 22, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

a) There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Merck has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

b) The procedures to be followed would permit an award of punitive damages against

Merck upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

c) The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

d) There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Merck under present Alabama law;

e) The standards of conduct upon which punitive damages are sought against Merck are vague and ambiguous;

f) The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

g) The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on its notions of what the law should be instead of what it is;

h) The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

i) Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

j) Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Merck;

k) Present Alabama law does not provide a meaningful opportunity for challenging the

rational basis for, and any excessiveness of, any award of punitive damages;

l) Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

m) Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

n) Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

o) An award of punitive damages would compensate plaintiff for elements of damage not otherwise recognized by Alabama law;

p) An award of punitive damages would constitute deprivation of property without due process of the law.

**THIRTY-SEVENTH DEFENSE**

The plaintiff's claims for punitive damages are barred by Alabama Code §§ 6-11-20 and 6-11-27.

**THIRTY-EIGHTH DEFENSE**

Chase affirmatively pleads and avers the protections and limitations on damages afforded it by Alabama Code § 6-11-21.

**THIRTY-NINTH DEFENSE**

Chase adopts by reference all other affirmative defenses asserted by other defendants to the extent they are applicable to the claims stated against Chase.

The parties have not yet conducted discovery in this case. Thus, Chase reserves the right to amend its Answer to add or supplement its affirmative defenses as may be appropriate.

**WHEREFORE**, Chase respectfully requests that this Court enter judgment in favor of Chase and against the plaintiff and grant such further relief as this Court deems just, proper, and necessary.

Date: May 26, 2005.

William D. Jones (JON016)

Lee M. Pope (POP(008)

Helen Kathryn Downs (DOW019)

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

**JOHNSTON BARTON PROCTOR & POWELL, LLP**
2900 AmSouth/Harbert Plaza.
1901 Sixth Avenue North
Birmingham, AL 35203-2615
Telephone: (205) 458-9400
Facsimile: (205) 458-9500
E-mail: wdj@jbpp.com
lmp@jbpp.com
hkd@jbpp.com

**OF COUNSEL**

**CERTIFICATE OF SERVICE**

This is to certify that I have served the foregoing upon all parties to this cause by depositing a copy of the same in the United States mail, properly addressed and first-class postage prepaid, on this the 26th day of May, 2005, to the following:

James D. Patterson, Esq.
Earl P. Underwood, Esq.
Law Offices of Earl P. Underwood, Jr.
21 South Section Street
P.O. Box 969
Fairhope, AL 36533

Jim S. Calton, Jr., Esq.
Calton & Calton
226 East Broad Street
Eufaula, AL 36027

Herman Cobb, Esq.
Leon A. Boyd, V, Esq.
Cobb, Shealy, Crum & Derrick, P.A.
Post Office Box 6346
Dothan, Alabama 36302

Ms. Luanne Mixon
Post Office Box 388
Pelham, Alabama 35124-0388

Of Counsel

W0511884.WPD