IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

KENITH BURDETT,                          )
                                         )
            Plaintiff,                   )
                                         )
VS.                                      )
                                         )
BANK ONE, N.A., CHARTER ONE              )        CASE NO.: 2:05-cv-499-DRB
BANK, N.A., LUANNE MIXON,                )
KEITH MIXON, et al.,                     )
                                         )
            Defendants.                  )

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

COMES NOW, Plaintiff and in support of his Motion to Remand, submit the following Legal Memorandum:

### FACTS AS ALLEGED IN COMPLAINT

Plaintiff herein like many thousands or perhaps millions of Americans has become a victim of identity theft. He first learned that the Mixon defendants had used his identity when he attempted to obtain a mortgage loan on or about October, 2004. He was denied the loan based on adverse information in his credit file. After he ordered and received his credit reports he discovered adverse information contained in the reports stated and implied that there were numerous student loan accounts and credit cards on which he was a co-signer. On his credit reports there were approximately fourteen (14) student loan accounts in excess of over $125,000.00 (one hundred and twenty-five thousand dollars) being reporting by TransUnion, Experian and Equifax.[1]

---

[1] The inaccurate credit reporting of these trade lines is the subject of another suit *Burdett v. American Educational Services Corporation, et al.,* Cv 05-377 also pending in this district.

Mr. Burdett also had numerous credit card accounts reporting on his consumer file: a Citizens Bank Account, # 554514011127..., a GMAC Account # 34090442... and a Chase Bank Account, # 518338198001.

After inquiring about the student loans Plaintiff received a copy of documents from some the loan files at issue herein. After reviewing the documents Plaintiff learned that the Defendants Bank One and Charter were the banking institutions that issued the loans. He also learned that the loans were taken out by Luanne M. Mixon and/or Keith Mixon. It appears from a review of the loan documents that over the course of at least 4 years, Luanne M. Mixon and/or Keith Mixon applied for and received over $125,000.00 in student loans from various credit providers including the defendants Bank One and Charter. These loans were taken out with the use of the Plaintiff's name by forgery.

Luanne M. Mixon and/or Keith Mixon, on information and belief, also opened up credit card accounts in the Plaintiff's name. On information and belief, neither Luanne M. Mixon nor Keith Mixon attended any college or graduate school during the period at issue. Despite the fact that the Mixons were not enrolled in any learning institution Bank One[2] and Charter continued to provide student loan funds by issuing checks payable to the Mixons over the course of at least 4 years.

Luanne M. Mixon and/or Keith Mixon forged the Plaintiff's name on loan applications and checks without his authority or consent. The Mixons also forged the Plaintiff's name on credit card applications without his express or consent.

---

[2] According to its answer Bank One has been purchased or otherwise merged with JPMorgan Chase Bank NA. For simplicity and because Bank One refers to "Chase" in the notice of removal such a fashion that one cannot be sure which entity is being referred to. we continue refer to it as "Bank One" herein.

Mr. Burdett was unaware of the numerous acts of forgery by the Mixons, and was unaware that Bank One and Charter continued the issuing of student loan checks over the course of at least 4 years in his name. He did not know and could not have known of the use of his identity until he was denied the mortgage loan he applied for as stated above.

Bank One and Charter never bothered to contact Mr. Burdett or send him a copy of any of the loan documents. As a result of the negligent and wanton conduct of Bank One and Charter he has suffered damages, including but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain.

The Complaint states state law claims only and seeks compensatory and punitive damages.

## ARGUMENT

## FEDERAL QUESTION JURISDICTION

Bank One claims this Court has federal question jurisdiction over this case despite the fact that nowhere in the Complaint is there any federal claim stated. It asks this Court to read the state law claims as federal claims under the Fair Credit Reporting Act 15 U.S.C. § 1681et seq., ("FCRA"). Plaintiff's claims against the defendants do not even touch upon the subject matter addressed by the FCRA. Plaintiff has reviewed his credit reports and knows of no erroneous reporting by either Bank One or Charter. Bank One's removal of this case, therefore, presents a single legal question: Does the FCRA so completely preempt the field of state law such that a state law claim which does not even relate to the subject matter of that statute be deemed a federal question? As explained below, this is not even a close question. Case after case rejects

Bank One's theory and there is absolutely no support in the law or The FCRA itself for Bank One's removal of this case.

**The Well-Plead Complaint and Complete Preemption Doctrines.**

Whether or not federal question jurisdiction attaches to an action filed in state court hinges on the "well-plead complaint" rule. A recent statement of the rule by the United States Supreme Court is as follows:

> To determine whether the claim arises under federal law. we examine the "well pleaded" allegations of the complaint and ignore potential defenses: "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United State." ·

Beneficial National Bank v. Anderson, 539 U.S. 1, 3 (2003), *quoting* Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908). Thus, "a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Id.

A corollary to the well-pleaded complaint rule is the doctrine known as "complete preemption." This doctrine provides that in certain very limited circumstances, a federal statute by its express terms can "so completely preempt a particular area, that any civil complaint raising the select group of claims is necessarily federal in character." Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 64 (1987). The Supreme Court has found such "extraordinary pre-emptive power" to be present in only three statutory schemes: The Labor Management Relations Act;[3] ERISA[4] and most recently the National Bank Act.[5] Each of these statutory schemes provide "the

---

[3] Avco Corp. v. Machinists, 390 U.S. 557 (1968).
[4] Metropolitan Life Ins. Co., 481 U.S. 58.
[5] Beneficial, 531 U.S. 1.

exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." Beneficial, 531 U.S. at 9.

In its notice of removal Bank One states "State law claims against a credit furnisher such as Chase [Bank One] that are based on allegations of identity theft and any ensuing inaccurate credit reporting are completely preempted by the FCRA." Even if one agrees with that statement, which plaintiff does not, the problem Bank One has is that plaintiff makes only negligence and wantonness claims against it and the other banking defendant.[6] In fact plaintiff knows of no other claims he has against these defendants at this time. As previously stated as far as Plaintiff knows the banking defendants herein have not reported anything on his credit reports.

Bank One cites numerous cases as though plaintiff was claiming that it was inaccurately reporting on his credit reports.[7] The FCRA is a powerful consumer protection statute which provides for the mandatory award of attorney fees to prevailing plaintiffs and the possibility of actual, statutory and punitive damages. If plaintiff had FCRA claims against the banking defendants herein he would certainly bring them. Plaintiff has not engaged in any "artful pleading." He simply knows of no federal cause of action he has against the defendants herein.

On page twelve of the removal notice Bank One says that there is no cause of action under Alabama law for identity theft[8] and cites Smith v. AmSouth Bank, 982 So. 2d 905. In Smith an employee with authority to indorse and process instruments for deposit opened an account with AmSouth Bank in the name of a corporation that he had formed which had the same name as his employer's business. The employee then began to appropriate the employer's

---

[6] See plaintiff's complaint Count One.
[7] Accuracy of information reported to Consumer Reporting Agencies by furnishers of credit information such as the banking defendants herein is required by 15 U.S.C. 1681s-2(a) for which there is no private cause of action.
[8] One wonders, if Bank One really believes this, why it does not simply file a motion to dismiss or for summary judgment in the state court.

funds by putting them into that account. Incredibly, Bank One, on page 13 of the removal notice Bank One says "the duties that underlie plaintiff's claims necessarily arise from the FCRA—the duty to use reasonable procedures to detect identity theft…" but it sites no code section for such a proposition.

The instant case is more like <u>Patrick v. Union State Bank</u>, 681 So. 2d 1364 (Ala., 1995), a case Bank One failed to even mention. In <u>Patrick</u> a fraud victim brought an action against the Union State Bank, alleging that it negligently allowed an imposter to open a checking account in her name. The imposter wrote worthless checks on the account, and Mrs. Patrick was subsequently arrested and incarcerated. The lower court granted summary judgment in favor of the bank. The Supreme Court reversed the trial court's order, holding that, as a matter of law, Union State Bank owed a duty, and that it was foreseeable, in terms of duty that Patrick may have been injured or harmed by fraud if the bank did not employ commercially reasonable means to verify that the person opening the account and to whom checks were given was not an imposter.

### The FCRA and Identity Theft Cases.

The Fair Credit Reporting Act. 15 U.S.C. § 1681 et seq., regulates both the credit bureaus that report credit information and the furnishers of the information such as banks and lending institutions. It is a useful tool in identity theft cases. Both the furnishers of credit information[9] and the credit reporting agencies[10] are required to investigate inaccurate information on a consumer's credit report when notified by the consumer that the credit report is inaccurate. Their failure to do an adequate investigation gives rise to a case or a cause of action under the FCRA.[11]

---

[9] 15 U.S.C. § 1681s-2(b)
[10] 15 U.S.C. § 1681i(a)
[11] 15 U.S.C. § 1681n and § 1681o

There is no cause of action under the FCRA for identity theft or for allowing identity theft. The Act requires the furnishers of information and the credit bureaus, who fail to comply with the portions of that act that have a private right of action, to pay the injured consumer his actual damages plus attorney's fees and court costs.[12] Liability under the FCRA can be either negligent[13] or intentional.[14] These can be plead in the alternative.[15]

Before an FCRA claim can be filed against a furnisher of information a notice of dispute and request for "reinvestigation" must be filed with the consumer reporting agency reporting the erroneous information.[16]

The notice of a dispute regarding the completeness or accuracy of any information in the consumer's report triggers the reinvestigation process.[17] After receipt of the notice of dispute or request for reinvestigation the CRA must notify the furnisher of the of the consumer's dispute within 5 days.[18] The statute also requires the CRA to provide the entity that provided the disputed information "all relevant information regarding the dispute" provided by the consumer.[19] All of the elements of several FCRA causes of action are plead in the case referred to by Bank One as the "Federal Identity Theft Case."[20] Since plaintiff has seen nothing on his credit reports reported by either of the banking defendants herein they would not be "furnishers" under the FCRA in this instance and he has no FCRA cause of action that he knows of against these defendants.

## CONCLUSION

---

[12] 15 U.S.C. § 1681n(a) and § 1681o(a)
[13] 15 U.S.C. § 1681o
[14] 15 U.S.C. § 1681n
[15] *Stevenson v. Employers Mut. Ass'n*, 960 F. Supp. 141. 143 (D. Ill.. 1997)
[16] 15 U.S.C. 1681s-2(b)
[17] 15 U.S.C. § 1681i(a)
[18] 15 U.S.C. § 1681i(a)(2)(A)
[19] 15 U.S.C. § 1681i(a)(2)(B)
[20] See tab "C" to notice of removal.

Only two Alabama District Courts have addressed federal jurisdiction under similar circumstances. They are *Watkins v. Trans Union.L.L.C.*, 118 F. Supp. 2d 1217 (D. Ala., 2000) and *Shaner v. Fleet Bank*, 132 F. Supp. 2d 953, 956 (D. Ala., 2001). Both found federal jurisdiction lacking and remanded the improperly removed cases to state court. Bank One implies that the Fair and Accurate Credit Transactions Act (FACTA) somehow changes the holdings of these cases but does not really say how. Despite Bank One's inference to the contrary there is no private federal cause of action for identity theft either in the FACTA cr the FCRA. Although the FCRA is an effective tool in identity theft cases Plaintiff knows of no FCRA claim against the banking defendants herein and has made none.

Because The FCRA contains no authority for converting state law claims to federal claims, there is no federal question jurisdiction here and Bank One's removal is improper.

This Court has no subject matter jurisdiction, the plaintiffs claims are due to be remanded back to Barbour County Circuit Court.

Respectfully submitted,

Earl P. Underwood, Jr. (UND008)

Law Offices of Earl P. Underwood, Jr.
21 South Section Street
Post Office Box 969
Fairhope. AL 36533-0969
251-990-5558 (telephone)
251-990-0626 (fax)
epunderwood@alalaw.com

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on June 7th , 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Leon Augustus Boyd, III        bboyd@cobb-shealy.com

Jimmy S. Calton, Jr.          caltonlaw@eufaula.rr.com, jimcalton@yahoo.com

Herman Warren Cobb         hwc@cobb-shealy.com, mhanchey@cobb-shealy.com

Helen Kathryn Downs         hkdowns@jbpp.com, aap@jbpp.com

William D. Jones, III         wjones@jbpp.com

Lee M. Pope               lmp@jbpp.com

Earl P. Underwood, Jr.