**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | |
|---|---|
| **KENITH BURDETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CASE NO. 2:05-CV-499-DRB** |
| | ) |
| **BANK ONE, N.A., CHARTER ONE** | ) |
| **BANK, N.A., LUANNE MIXON, and** | ) |
| **KEITH MIXON,** | ) |
| | ) |
| **Defendants.** | ) |

**REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Based on the facts and law enumerated in the Notice of Removal and the additional authority set forth below, defendant JPMorgan Chase Bank, N.A., successor by merger to Bank One, N.A., ("Chase/Bank One") respectfully requests that the Court deny the Motion to Remand filed by Plaintiff Kenith Burdett ("Plaintiff") in the above-styled case (hereinafter "Removed State Identity Theft Case"). Federal question jurisdiction exists in this case based on the following:

> 1) The substantive underpinnings of the Complaint require the application of federal law, and artful pleading by the Plaintiff cannot deprive Chase/Bank One of its right to a federal forum under such circumstances;
>
> 2) The common nucleus of operative facts and links between the parties in the removed case and a related federal lawsuit filed by the Plaintiff expressly alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), Case No. CV-05-377-F (hereinafter "Federal Identity Theft Case"),[1] further evidences the federal nature of the Plaintiff's claims;

---

[1] A copy of the Complaint in the Federal Identity Theft Case is attached hereto as Exhibit 1 for the Court's convenience.

> 3) The FCRA necessarily must be invoked, interpreted, and applied in order for the Plaintiff to prove an essential element of his claims: namely, damages resulting from allegedly inaccurate credit reporting; and
>
> 4) The FCRA and the more recent FACT Act completely preempt state law claims against a credit furnisher such as Chase/Bank One.

Under these circumstances, this case belongs in federal court.

As a preliminary matter, prior to the filing of the Plaintiff's Motion to Remand and supporting brief, Chase interpreted the Plaintiff's Complaint as a) averring credit reporting violations by this defendant arising from alleged identity theft of student loans and credit card applications, and b) seeking damages, including attorney's fees, for allowing the alleged identity theft(s) to occur and for the ensuing inaccurate credit reporting. *See, e.g.,* Complaint, ¶¶ 9-14, 16-22, 28, 30-31, and 34-41. The Plaintiff's alleged damages were listed as: "the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' conduct." Complaint, ¶ 31. Chase removed the case based on this reading of the Complaint.

In his Brief in Support of Motion to Remand ("Plaintiff's Brief"), Plaintiff stated clearly for the first time that to his knowledge, Chase does not appear anywhere on his credit reports. Although no evidence was submitted in support of this contention in the form of credit reports,[2] Plaintiff asserts that Chase is not a credit "furnisher," as that term is defined by the FCRA, that reported information on Kenith Burdett's credit reports. Accordingly, the Plaintiff argues, he has not stated and cannot state a federal law claim against Chase under the FCRA.

Chase concedes that if in fact the Plaintiff's credit reports contained no reference to Chase or its corporate predecessor, Bank One, then that fact would affect federal jurisdiction. Unfortunately for the Plaintiff, it would also eliminate any viable claim against this defendant

---

[2] No credit reports were submitted with the Plaintiff's Motion to Remand.

2

bank. If Chase/Bank One did not appear on any of the Plaintiff's credit reports, as stated in Plaintiff's Brief, that would be reflective of the fact that the bank did not handle the student loan applications at issue. Chase/Bank One outsourced the handling of student loans, including the loan application process, review, and issuance, to an entirely separate company – The Education Resource Institute, Inc. ("TERI"). Thus, Chase/Bank One never received, reviewed, or processed any student loan application from Luanne or Keith Mixon, the alleged identity thieves, or determined whether to issue the student loans to the Mixons based on the information provided. Instead, the very actions over which the Plaintiff has attempted to sue Chase/Bank One in the Removed State Identity Theft Case were handled by TERI on behalf of Chase/Bank One.[3] TERI is a defendant in the Plaintiff's Federal Identity Theft Case, in which federal FCRA claims are central.[4] This demonstrates not only that the Removed State Identity Theft Case belongs in federal court, but that the claims asserted in the two lawsuits belong in a single case.

In fact, several of the Plaintiff's credit reports from the 2003-2004 time frame <u>do</u> reference Bank One, now known as Chase, in its capacity as lender. (See redacted reports attached as Exhibit 2 hereto.)[5] These reports reflect tradelines, or entries, in which Bank One is listed as the lender for a number of the student loans at issue. Accordingly, Chase/Bank One

---

[3] Upon information and belief, Charter One Bank, N.A., the other bank defendant in the Removed State Identity Theft Case, also outsourced the handling of student loans to TERI.

[4] Based on the allegations of the Complaint, Chase/Bank One anticipates that the Plaintiff may assert that TERI was acting as the agent of Chase/Bank One. If TERI's conduct is at issue, the Plaintiff's averments against TERI in the Federal Identity Theft Case make clear that alleged conduct triggering the application of the FCRA is central to the Plaintiff's claims in this case.

[5] The Graham-Leach-Bliley Act ("GLBA") does not prohibit disclosure of information covered by said Act for purposes of discovery during litigation. The GLBA does not expressly authorize such disclosure, either; the Act allows disclosures made to respond to "judicial process." 15 U.S.C. § 6802 (e)(8). Because this remains an open question, the Plaintiff's credit reports have been redacted by Chase/Bank One before being submitted with this Reply Brief to ensure compliance with applicable privacy laws and regulations. Complete copies of the reports can be made available for *in camera* inspection by the Court, if desired, or for production to Plaintiff's counsel and the other parties, provided that the Plaintiff agrees to waive any claim for improper disclosure of his credit reports, and the financial information contained therein, under the GLBA and the FCRA in the context of this litigation.

submits that the substantive underpinnings of the Complaint in the Removed State Court Identity Theft Case reveal a claim for which the Plaintiff will seek damages from Chase/Bank One for allegedly inaccurate credit reporting. This is a claim governed by the FCRA and over which this Court has jurisdiction.

### A. Artful Pleading Doctrine

A plaintiff cannot avoid federal jurisdiction by "omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 77 L. Ed. 2d 420, 442 (1983). The issue is whether the right to recovery requires reference to or necessarily turns on the interpretation of federal law. *Id*. at 442. Specifically, a plaintiff proceeding in state court may not artfully plead claims or omit facts that indicate federal jurisdiction and thereby avoid removal of the case to federal court. *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992). The artful pleading doctrine limits the principle that the plaintiff is master of his or her claims. *Id.* Under such circumstances, a federal court may "look beyond the face of the complaint to determine whether a plaintiff has engaged in artful pleading." *Id.* If so, the plaintiff's claim is removable. *Id.* The artful pleading inquiry is independent from the analysis of whether complete preemption of the state law claim exists. *Id.*

The Plaintiff's Complaint in the Removed State Identity Theft Case is couched in terms of state law. Even though the Plaintiff has dressed up his claims in this manner, the real nature of the claims is federal. *See Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314-15 (11th Cir. 2004) (if the plaintiff's right to relief raises substantial questions of federal law, federal question jurisdiction may attach to the plaintiff's state-law claims); *Nance v. Jackson*, 56 F.R.D. 463, 467 (M.D. Ala. 1972) (suit may be removed where the real nature of the claim asserted in complaint is federal, regardless of whether it is so characterized.) When the relief a plaintiff

seeks is partially predicated on a subject matter committed exclusively to federal jurisdiction, removal is proper. *See, e.g., T&E Pastorino Nursery v. Duke Energy Trading*, 268 F. Supp. 2d 1240, 1247 (S.D. Cal. 2003).

Although the Plaintiff's Brief disclaims any claim against Chase/Bank One arising from credit reporting, the Plaintiff's allegations that Chase/Bank One or its agent committed negligence or wantonness beg one critical question: What are the Plaintiff's damages? Both of the Plaintiff's state law claims -- negligence and wantonness -- require proof of damages as an essential element. The Complaint on its face (and when read in conjunction with the companion Complaint in the Federal Identity Theft Case) demonstrates that damages in this case consist of the denial of credit to the Plaintiff and other alleged adverse consequences, including mental anguish, flowing from inaccurate credit reporting. *See* Complaint, ¶ 31.

Unless or until the Plaintiff was denied credit and/or his credit rating was impacted adversely, he had no cognizable damages. Although the Complaint seeks damages for emotional distress, Alabama law does not recognize a cause of action for negligent infliction of emotional distress in the absence of a physical injury or immediate risk of physical harm. *Wal-Mart Stores, Inc. v. Bowers,* 752 So.2d 1201, 1203 (Ala.1999). Furthermore, not a single Alabama case supports the proposition that the facts alleged here state a claim for intentional infliction of emotional distress. *See, e.g., Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993) (outrage "is a very limited cause of action that is available only in the most egregious circumstances.") Thus, the only damages that the Plaintiff could recover stem from credit reporting.

The Complaint alleges claims of negligence and wantonness relating to Chase/Bank One's alleged conduct in the origination and subsequent credit reporting of a series of student

5

loans and credit card accounts in the Plaintiff's name.[6] These claims, although couched as state common-law claims, necessarily invoke the application of the federal FCRA and thereby raise a question as to whether the federal standards governing the conduct of a credit furnisher in reporting information about a consumer's credit have or have not been met. As discussed in the Notice of Removal, with respect to credit furnishers such as Chase/Bank One, the FCRA, and the FCRA alone, determines whether there has been any improper credit reporting or mishandling of a complaint of inaccurate credit reporting such that liability can be imposed. *See, e.g., Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002). The Plaintiff's damages consist solely of adverse credit reporting. The FCRA, as amended, governs the reporting obligations of credit furnishers such as Chase/Bank One. Consequently, the Plaintiff cannot recover damages without invoking the FCRA and proving that Chase/Bank One's conduct in reporting the student loan accounts and/or credit card accounts contravenes federal law. Chase/Bank One's federal statutory duties under the FCRA and the statute's remedial provisions have to be applied to determine liability under either of Plaintiff's state law claims. This gives rise to federal jurisdiction.

Plaintiff argues in his Motion to Remand that a state law negligence claim (and, by extension, a wantonness claim) does lie here, based on the holding in *Patrick v. Union Bank*, 681 So. 2d 1364 (Ala. 1995). In the Plaintiff's Brief, he criticized Chase/Bank One for failing to cite *Patrick* in its Notice of Removal. Chase/Bank One opted not to discuss *Patrick* because the Supreme Court of Alabama has since distinguished the case and narrowed the very proposition upon which the Plaintiff relies. *Smith v. AmSouth Bank*, 892 So. 2d 905 (Ala. 2004); *see* Notice of Removal for discussion of *Smith*.

---

[6] As previously stated, Chase/Bank One outsourced all of the student loan origination functions.

To recover for negligence in the context of prevention of identity theft, a victim must prove that the defendant creditor owed him a legal duty, breached that duty, and that the victim was damaged as a proximate result. The Plaintiff cannot establish any of these elements - that he was owed a legal duty by Chase/Bank One with respect to the alleged identity theft, that Chase/Bank One breached the alleged duty, or that he was damaged through improper credit reporting - without invoking the FCRA. Prior to *Smith*, the decision in *Patrick* could be interpreted broadly as support for the proposition that a bank owes a fiduciary duty not only to all of its customers but to a non-customer and the public generally to protect against criminal fraud in the form of identity theft. This aspect of the holding in *Patrick* has been described by one commentator as so "extraordinary and aberrational" as to have "little apparent credibility as legal precedent." Harrell, Alvin C., <u>Case Note: Supreme Court of South Carolina Rejects Tort of Negligent Enablement</u>, 57 Consumer Fin. L.Q. Rep. 96, 97 (2003). The holding was such an aberration that it "can possibly be considered partly a reflection of the turmoil in the Alabama legal system during the mid-1990s." *Id.* The scope of a bank's duty as set forth in *Patrick* "has not been followed" and "has been limited, distinguished, or rejected by virtually all of the reported cases that have considered it," *id.*, which was duly noted by the Supreme Court of Alabama in *Smith*. *Smith*, 892 So. 2d at 909, n.2. Despite *Patrick's* ignominious status, the case is cited by the Plaintiff for the contention that Chase/Bank One owes just such a duty and therefore can be sued under state law.

*Smith* distinguished *Patrick's* holding regarding the duty element, reiterating long-standing precedent in Alabama that absent a "special relationship" or "special circumstances," a person or entity owes no duty to protect another from criminal acts of a third person. *Id*. at 909. The Supreme Court of Alabama clarified in *Smith* that absent a special relationship or special

7

circumstances, a bank does not owe a general duty to a non-customer member of the public to prevent criminal fraud through identity theft. *Id.* at 910.[7]

Chase/Bank One recognizes that this Court will not consider the merits of the underlying action in the context of a removal petition and motion to remand. The legitimacy of the Plaintiff's purported state-law claims is directly relevant to the question of federal jurisdiction, however, because the absence of a recognized state law claim is yet another indicia of the artful pleading that has occurred in this case. Chase/Bank One challenges the premise that the Plaintiff is asserting purely a state law negligence claim when Alabama has not recognized the tort of negligent enablement of identity theft. *See generally Smith*, 892 So. 2d at 908-11; *Huggins v. Citibank, N.A.*, 585 S.E.2d 275 (S. Ct. S. Car. 2003) (after plaintiff filed suit in federal court in a closely analogous case, the federal district court certified the question to the Supreme Court of South Carolina whether the state recognized the claim of negligent enablement of identity theft, which the state supreme court answered in the negative.)

Under the circumstances present here, Alabama has not recognized a duty on the part of a creditor bank such as Chase to prevent or detect identity theft. *Smith*, 892 So. 2d at 908-11. To do so would require the creation of a new tort that would shift a plaintiff's loss to the creditor bank, which was also victimized and had no duty to protect the plaintiff. No matter how cleverly the Plaintiff tries to parse his claims in order to keep part of this case in Barbour County Circuit Court, the Plaintiff filed suit because of erroneous credit reporting.[8] This constitutes an FCRA claim, one that Chase/Bank One is entitled to remove to federal court.

---

[7] One federal district court in Alabama applied *Patrick* before the Supreme Court of Alabama decided *Smith*. *Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F. Supp. 2d 1275 (M.D. Ala. 2001). Chase/Bank One respectfully submits that the continuing viability of the aspects of *Yelder* that were based on a broader interpretation of *Patrick* have been called into question by *Smith*.

[8] The Supreme Court of Alabama has defined wantonness, the Plaintiff's second claim against Chase/Bank One, as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being

8

The Federal Identity Theft Case further evidences the Plaintiff's artful pleading in the Removed State Identity Theft Case. The allegations in both complaints stem from the same nucleus of operative facts: alleged identity theft by Luanne and Keith Mixon that enabled one or both of them to procure student loans and other credit accounts from creditors under Kenith Burdett's name. Two of the defendants sued in the Federal Identity Theft Case – TERI and American Education Services ("AES") -- actually handled and serviced the student loans at issue rather than Chase/Bank One or Charter One Bank, N.A., the defendants in the Removed State Identity Theft Case. In the Federal Identity Theft Case, unlike the removed case, the Plaintiff candidly pleads that his damages against TERI and AES arise from the fact that the disputed student loans (as well as other disputed accounts) appeared on his credit reports for a finite period of time. (*See* Exhibit 1, Counts One through Three).

Moreover, the Federal Identity Theft Case expressly asserts claims under the FCRA and alleges that the very same student loans at issue in the Removed State Identity Theft Case, among other accounts, were procured by identity theft and wrongfully reported. (Exhibit 1, ¶¶ 23, 48, 136, and Count Five). Conversely, the Complaint in the Removed State Identity Theft Case shies away from much discussion of credit reporting. Chase/Bank One submits that the state Complaint was carefully crafted in an effort to carve out part of this case to be heard in a county well known for its substantial jury verdicts in favor of plaintiffs. Even in that Complaint, however, the Plaintiff had to concede that his damages consist of allegedly inaccurate credit reporting. The Plaintiff also conceded that the FCRA is "a useful tool in identity theft cases." (Plaintiff's Brief, p. 6) Common and necessary elements of the Plaintiff's claims are federal

---

conscious that, from doing or omitting to do an act, injury will likely or probably result." *Alfa Mutual Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998) (citing *Bozeman v. Central Bank of the South*, 646 So. 2d 601 (Ala. 1994)); see also Ala. Code § 6-11-20(b)(3) (1975) (2002 Repl. Vol.). As with negligence, research has not revealed any Alabama case law that provides a cause of action for wanton enablement of identity theft.

9

even though the Plaintiff makes no mention of the FCRA in the Removed State Identity Theft Case. *See, e.g., Williams v. Metropolitan Life Ins. Co.*, 1994 WL 529880, *1, 2 (S.D.N.Y. 1994) (even though the complaint's second claim was framed in terms of state common law negligence and made no reference to the FCRA, the FCRA provided the exclusive cause of action for the plaintiff's claim).

Any damages experienced by the Plaintiff over student loans procured in his name by a purported identity thief occurred after he claims to have been denied credit in the fall of 2004, allegedly as a result of the student loans' appearance on his credit reports.[9] The juxtaposition of the Complaints in the Federal Identity Theft Case and the Removed State Identity Theft Case reveals that the Removed State Identity Theft Case alleges claims federal in nature and involves substantial questions of federal law that are disputed by the parties.

The Plaintiff asks this Court to distinguish between the procedures, conduct, and criteria of a credit furnisher in extending credit to an applicant and the credit furnisher's reporting of that credit information to the consumer reporting bureaus under the name provided by the applicant. This stance ignores the reality that credit reporting is often practically simultaneous with the extension of credit, as was the case with Luanne Mixon and Kenith Burdett. Moreover, it is difficult to segregate conduct that enables identity theft to occur from conduct in reporting adverse credit information as a result of the crime. The majority of identity theft victims suffer credit repercussions. Consequently, the bright line rule that Plaintiff advocates between conduct by a creditor that allegedly enables identity theft in the loan application process and conduct by the same creditor that causes inaccurate credit entries to subsequently appear on the victim's

---

[9] Another indicator of the artful pleading at work here consists of the Plaintiff's claims that accounts other than the student loans were procured by identity theft. The Plaintiff's alleged credit problems consist not only of the student loan tradelines but also reporting on other accounts, for which the Plaintiff seeks damages in the Federal Identity Theft Case. The type and nature of damages alleged by the Plaintiff cannot be limited in the Removed State Identity Theft Case to those flowing from student loans because the Plaintiff's credit file as a whole will be at issue.

credit reports is untenable. In this case, the alleged actions or omissions of Chase/Bank One are part and parcel of one purported wrong, not two.

In sum, the Plaintiff attempted to sue Chase/Bank One in state court for improperly issuing student loans to an identity thief or thieves -- which Chase/Bank One did not in fact issue -- all the while claiming damages from Chase/Bank One for breach of alleged legal duties that resulted in inaccurate credit reporting. The Plaintiff has attempted to erect some type of Chinese wall between the conduct of Chase/Bank One as a credit issuer and its conduct as a credit furnisher, despite seeking damages that stem solely from credit reporting. Meanwhile, in federal court, the Plaintiff has sued two other entities that actually did handle the issuance and servicing of the Plaintiff's student loans and has openly asserted claims under the FCRA, which Chase/Bank One agrees is the law applicable here. The Plaintiff seeks damages in each case based on his credit file as a whole. Under these circumstances, the Plaintiff's artful pleading in the Removed State Identity Theft Case should be rejected as a strategic attempt to deprive Chase/Bank One of its right to have a federal forum to hear claims that are federal in nature.

The Eleventh Circuit has held that an FCRA claim by a plaintiff gives rise to federal question jurisdiction. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264 (11th Cir. 1998) (the FCRA "does not provide evidence that Congress intended to preclude removal"). The Court should pierce through the Plaintiff's artful pleadings to the substantive underpinnings of the claims and damages, which are federal. Thus, removal of this action is proper.

**B. Complete Preemption**

If a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law. *Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists*, 376 F. 2d 337, 340 (6th Cir. 1967), *aff'd.*, 390 U.S. 557, 20 L. Ed. 2d 126 (1968); *see also Stern v. Int'l Business Machine Corp.*,

11

326 F. 3d 1367, 1370-71 (11th Cir. 2003). The plain language of § 1681s-2 of the FCRA, as amended by the Fair and Accurate Credit Transactions Act of 2003, Pub.L. No. 108-159, sec. 314(b), § 623(b)(1)(E), 117 Stat. 1952, 1995-96 ("FACT Act"), demonstrates that Congress intended for federal law to wholly displace any state-law causes of action giving rise to claims against credit furnishers stemming from identity theft. When a federal statute completely preempts a state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law and may be removed under 28 U.S.C. § 1441(b). Such is the case here.

The Plaintiff argues in his Brief that the FCRA and the FACT Act do not address a credit furnisher's obligations with regard to identity theft. To the contrary, the express provisions of the FACT Act and its legislative history establish that identity theft was in the forefront of Congressional consideration when this legislation was crafted.

15 U.S.C. §1681t(b), titled "Relation to State laws," provides in pertinent part:

> (a) In general: **Except as provided in subsections (b)** and (c), this title does not annul, alter, affect, or exempt any person subject to the provisions of this title from complying with the laws of any state with respect to the collection, distribution, or use of any information on consumers, **or for the prevention or mitigation of identity theft**, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency.
>
> (b) General exceptions. **No requirement or prohibition may be imposed under the laws of any State**
>
> (1) **with respect to any subject matter regulated under** . . . (F) **section 623 [§1681s-2] relating to the responsibilities of persons who furnish information to consumer reporting agencies** . . ."

(emphasis added). Section 1681s-2, in turn, directly addresses the obligations of a furnisher to prevent or mitigate identity theft. The FACT Act contains nine provisions imposing uniform

national standards relating to the prevention and mitigation of identity theft, and expressly preempts any state laws governing such conduct. Pub. L. 108-159, § 711(2); *see* 18 U.S.C. § 1681t(b)(5).

In addition, the "touchstone of the federal district court's removal jurisdiction is. . . the intent of Congress." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66. 95 L. Ed. 2d 55 (1987). The legislative history of the FACT Act reflects that the purpose of the statute was to "assist the victims of identity theft, and ensure the operational efficiency of our national credit system by creating a number of preemptive national standards." 149 Cong. Rec. H12214 (Nov. 21, 2003) (joint explanatory statement of the conference committee). As one legislator explained:

> The final FCRA legislation [FACT Act] states that no requirement or prohibition may be imposed under the laws of any State with respect to the conduct required under the nine specific provisions included in the new identity theft preemption provision of the law. Accordingly, States cannot act to impose any requirements or prohibitions with respect to the conduct addressed by any of these provisions or the conduct addressed by any of the federal regulations adopted under these nine provisions. All of the rules and requirements governing the conduct of any person in these areas are governed solely by federal law and any State that attempts to impose requirements or prohibitions in these areas would be preempted.

1349 Cong. Rec. H12215 (Nov. 21, 2003) (statement of Rep. Oxley).

State law claims against a credit furnisher such as Chase that are based on allegations of identity theft and any ensuing inaccurate credit reporting are completely preempted by the FCRA. The plain language of § 1681t(b)(1)(F) reflects a manifest intent on the part of Congress to make all causes of action against credit furnishers that fall within the scope of this statutory provision federal in nature and, thus, removable to federal court. This advances Congress' desire for a uniform national standard governing the conduct of credit furnishers. The plain language of

the amendments to the FCRA and the accompanying legislative history demonstrate Congressional intent to preempt completely state law claims such as those asserted against Chase/Bank One as a credit furnisher in this case.

Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 because: 1) the Complaint was artfully pled, and the real nature of the Plaintiff's claim is federal, 2) the resolution of the Plaintiff's claims will necessitate the adjudication of substantial questions of federal law, and/or 3) the Plaintiff asserts claims that are completely preempted by federal law.  For these reasons, Chase respectfully requests that the Plaintiff's Motion to Remand be denied.

Date:  July 14, 2005.

s/William D. Jones
William D. Jones (JON016)


s/Lee M. Pope
Lee M. Pope (POP008)


s/Helen Kathryn Downs
Helen Kathryn Downs (DOW019)

Attorneys for Defendant
JP Morgan Chase Bank, N.A.

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2618
Telephone:	(205) 458-9495
Facsimile:	(205) 458-9500
E-mail:	wdj@jbpp.com
	lmp@jbpp.com
	hkd@jbpp.com

**OF COUNSEL**

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 14th day of July, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Earl P. Underwood, Esq.
    James D. Patterson, Esq.
    Law Offices of Earl P. Underwood, Jr.
    21 South Section Street
    P.O. Box 969
    Fairhope, AL 36533

    Jim S. Calton, Jr., Esq.
    Calton & Calton
    226 East Broad Street
    Eufaula, AL 36027

    Herman Cobb, Esq.
    Leon A. Boyd, V, Esq.
    Cobb, Shealy, Crum & Derrick, P.A.
    Post Office Box 6346
    Dothan, Alabama  36302

and I further certify that I have served the foregoing upon the following non CM/ECF participant by depositing a copy of same in the United States mail, properly addressed and first-class postage prepaid:

    Ms. Luanne Mixon
    Post Office Box 388
    Pelham, Alabama  35124-0388


              s/Helen Kathryn Downs
              Of Counsel


W0517516.DOC