IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| KENITH BURDETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-CV-499-DRB |
| | ) | |
| BANK ONE, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT CHARTER ONE BANK, N.A.

Defendant Charter One Bank, N.A., ("Charter One") answers the Complaint as follows:

### FIRST DEFENSE

Answering the paragraphs in plaintiff's Complaint, Charter One admits, denies and states as follows:

To the extent that the introductory allegations of the Complaint are directed to Charter One, Charter One denies that the plaintiff has a viable cause of action. Charter One is without knowledge or information sufficient to form a belief as to truth of the remaining introductory allegations.

### RESPONSE TO "PRELIMINARY STATEMENT"

1. The allegations contained in paragraph 1 require no response from Charter One. To the extent the allegations are directed to Charter One, Charter One denies that it was on notice, constructive or otherwise, of any alleged identity theft involving the plaintiff. Charter One further avers that the contents of the materials cited in paragraph 1 speak for themselves.

2. The allegations contained in paragraph 2 require no response from Charter One. To the extent the allegations are directed to Charter One, Charter One denies that it was on

notice, constructive or otherwise, of any alleged identity theft involving the plaintiff. Charter One further avers that the contents of the materials cited in paragraph 2 speak for themselves.

3. Charter One denies the allegations contained in paragraph 3 to the extent they are directed to Charter One and further denies that the plaintiff is entitled to any relief.

## **RESPONSE TO "THE PARTIES"**

4. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Charter One is a national bank chartered under the laws of the United States of America, with headquarters in Cleveland, Ohio. Charter One admits that it has sufficient contacts with the State of Alabama to invoke this Court's jurisdiction. The remaining allegations of paragraph 6 are denied.

7. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

## **RESPONSE TO "FACTUAL ALLEGATIONS"**

9. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Charter One is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Charter One denies the allegations contained in paragraph 31 to the extent they are directed to Charter One. Charter One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31.

## **RESPONSE TO "COUNT ONE"**

32.     Charter One denies the allegations contained in paragraph 32 to the extent they are directed to Charter One.  Charter One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32.

33.     Charter One is a national bank chartered under the laws of the United States of America, with headquarters in Cleveland, Ohio.  Charter One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33.

34.     Charter One admits that it funds student loans.  Charter One otherwise denies the allegations contained in paragraph 34 to the extent they are directed to Charter One.  Charter One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35.     Charter One denies the allegations contained in paragraph 35 to the extent they are directed to Charter One.  Charter One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35.

36.     Charter One admits that it funds student loans.  Charter One otherwise denies the allegations contained in paragraph 36 to the extent they are directed to Charter One.  Charter One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36.

37.     Charter One denies the allegations contained in paragraph 37 to the extent they are directed to Charter One.  Charter One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37.

38. Charter One denies the allegations contained in paragraph 38 to the extent they are directed to Charter One. Charter One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38.

39. Charter One denies the allegations contained in paragraph 39 to the extent they are directed to Charter One. Charter One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39.

40. Charter One denies the allegations contained in paragraph 40 to the extent they are directed to Charter One. Charter One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40.

41. Denied.

Charter One further denies that plaintiff is entitled to any of the relief requested in his prayer for relief at the conclusion of Count One.

## RESPONSE TO "COUNT TWO"

42. The allegations contained in paragraph 42 require no response from Charter One.

43. Charter One adopts and incorporates by reference all previous paragraphs of this Answer as if fully set forth herein.

44. Charter One denies the allegations contained in paragraph 44 to the extent that they are directed to Charter One. Charter One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44.

Charter One denies that plaintiff is entitled to any of the relief requested in his prayer for relief at the conclusion of Count Two to the extent that the request is directed to Charter One.

## SECOND DEFENSE

Charter One hereby denies any paragraph, portion of any paragraph, or other material averment in the plaintiff's Complaint not previously referred to herein and demands strict proof thereof.

## THIRD DEFENSE

The plaintiff's Complaint fails to state a claim against Charter One upon which relief can be granted.

## FOURTH DEFENSE

The plaintiff's claims are subject to binding arbitration.

## FIFTH DEFENSE

The plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH DEFENSE

The plaintiff has waived, released, or are otherwise estopped from asserting the claims alleged in his Complaint.

## SEVENTH DEFENSE

The plaintiff's state law claims are completely and defensively preempted by federal law.

## EIGHTH DEFENSE

Charter One has at all material times complied fully with the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq.*, including the Fair and Accurate Credit Transactions Act of 2003, ("FCRA") and all federal regulations promulgated pursuant thereto.

## NINTH DEFENSE

The plaintiff has no private right of action against Charter One for certain claims asserted under the FCRA.

**TENTH DEFENSE**

The plaintiff's claims against Charter One are barred by qualified immunity under the FCRA.

**ELEVENTH DEFENSE**

Charter One denies that the plaintiff has been injured, damaged, or harmed as a result of any act on the part of Charter One or its agents, employees, or servants.

**TWELFTH DEFENSE**

Charter One avers that there is no causal relationship between its conduct and the plaintiff's alleged injuries that are the basis of this lawsuit.

**THIRTEENTH DEFENSE**

Any harm allegedly suffered by the plaintiff was caused by the conduct of third parties for whom Charter One owes no legal responsibility.

**FOURTEENTH DEFENSE**

The plaintiff is barred from recovery, in whole or in part, by his own fraudulent conduct, consent, and/or acquiescence.

**FIFTEENTH DEFENSE**

The plaintiff is barred from recovery, in whole or in part, by the doctrine of unclean hands.

**SIXTEENTH DEFENSE**

Charter One has acted at all times in good faith, with due care, and without malice or intent to injure the plaintiff.

**SEVENTEENTH DEFENSE**

Charter One denies that it acted negligently.

### EIGHTEENTH DEFENSE

Charter One owes no legal duty to the plaintiff.

### NINETEENTH DEFENSE

Charter One denies that it breached any duty or contractual obligation allegedly owed to the plaintiff.

### TWENTIETH DEFENSE

Charter One denies that it acted recklessly, willfully, or wantonly.

### TWENTY-FIRST DEFENSE

Charter One did not engage in any conduct that would give rise to a cause of action for outrage.

### TWENTY-SECOND DEFENSE

The plaintiff has failed to mitigate his damages.

### TWENTY-THIRD DEFENSE

To the extent that the plaintiff seeks compensatory damages for mental anguish or pain and suffering in this case, any award of such damages would violate Charter One's right to procedural and substantive due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the State of Alabama, as amended, because, among other things, of the vagueness and uncertainty of the criteria for the recovery of compensatory damages for pain and suffering; therefore, the plaintiff cannot recover compensatory damages for pain and suffering.

### TWENTY-FOURTH DEFENSE

Charter One's supplying of information, if any, was true, privileged, and/or justified.

**TWENTY-FIFTH DEFENSE**

Charter One has not willfully or maliciously published any defamatory information with respect to plaintiff's credit status or credit file.

**TWENTY-SIXTH DEFENSE**

Charter One did not make any statement concerning the plaintiff or the plaintiff's credit status that resulted in damage to the plaintiff's reputation.

**TWENTY-SEVENTH DEFENSE**

The plaintiff's claims for damages are barred by Alabama Code § 6-5-186.

**TWENTY-EIGHTH DEFENSE**

Charter One avers that the communications made the basis of the plaintiff's Complaint are privileged under the common law of the State of Alabama.

**TWENTY-NINTH DEFENSE**

At all pertinent times, Charter One maintained reasonable procedures to ensure maximum accuracy of its submission of information to consumer reporting agencies.

**THIRTIETH DEFENSE**

The plaintiff's contributory negligence bars any recovery against Charter One.

**THIRTY-FIRST DEFENSE**

Charter One avers that the plaintiff has impermissibly split his causes of action and/or is not entitled to recover on alternative theories of relief in this action.

**THIRTY-SECOND DEFENSE**

Charter One denies that any of the other defendants or their employees, agents or representatives were acting as Charter One's agents for purposes of imposing liability on Charter One.

**THIRTY-THIRD DEFENSE**

The plaintiff's claims are barred by Charter One's statutory and/or regulatory compliance.

**THIRTY-FOURTH DEFENSE**

The plaintiff's alleged damages, if any, were not directly or proximately caused by any act or omission of Charter One.

**THIRTY-FIFTH DEFENSE**

Charter One is entitled to be indemnified for any and all damages assessed against it and awarded to the plaintiff.

**THIRTY-SIXTH DEFENSE**

Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 22, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

a)   There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Charter One has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

  b) The procedures to be followed would permit an award of punitive damages against Charter One upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

  c) The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

  d) There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Charter One under present Alabama law;

  e) The standards of conduct upon which punitive damages are sought against Charter One are vague and ambiguous;

  f) The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

  g) The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on its notions of what the law should be instead of what it is;

  h) The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

  i) Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

  j) Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Charter One;

  k) Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

  l) Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

  m) Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

  n) Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

  o) An award of punitive damages would compensate plaintiff for elements of damage not otherwise recognized by Alabama law; and

  p) An award of punitive damages would constitute deprivation of property without due process of the law.

## THIRTY-SEVENTH DEFENSE

The plaintiff's claims for punitive damages are barred by Alabama Code §§ 6-11-20 and 6-11-27.

## THIRTY-EIGHTH DEFENSE

Charter One affirmatively pleads and avers the protections and limitations on damages afforded it by Alabama Code § 6-11-21.

## THIRTY-NINTH DEFENSE

Charter One adopts by reference all other affirmative defenses asserted by other defendants to the extent they are applicable to the claims stated against Charter One.

The parties have not yet conducted discovery in this case. Thus, Charter One reserves the right to amend its Answer to add or supplement its affirmative defenses as may be appropriate.

**WHEREFORE**, Charter One respectfully requests that this Court enter judgment in favor of Charter One and against the plaintiff and grant such further relief as this Court deems just, proper, and necessary.

Date: July 21, 2005.

s/ William D. Jones
William D. Jones, III (JON016)


s/ Lee M. Pope
Lee M. Pope (POP008)


s/ Helen Kathryn Downs
Helen Kathryn Downs (DOW019)

Attorneys for Defendant
Charter One Bank, N.A., and
JPMorgan Chase Bank, N.A.


**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2615
Telephone: (205) 458-9400
Facsimile: (205) 458-9500
E-mail:     wdj@jbpp.com
            lmp@jbpp.com
            hkd@jbpp.com

**OF COUNSEL**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 21st day of July, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Earl P. Underwood, Esq.
> James D. Patterson, Esq.
> Law Offices of Earl P. Underwood, Jr.
> 21 South Section Street
> P.O. Box 969
> Fairhope, AL 36533
>
> Jim S. Calton, Jr., Esq.
> Calton & Calton
> 226 East Broad Street
> Eufaula, AL 36027
>
> Herman Cobb, Esq.
> Leon A. Boyd, V, Esq.
> Cobb, Shealy, Crum & Derrick, P.A.
> Post Office Box 6346
> Dothan, Alabama  36302

and hereby certify that I have served the following non-CM/ECF participant with a copy of the foregoing by U.S. Mail, properly addressed and postage prepaid, on this the 21st day of July, 2005:

> Ms. Luanne Mixon
> Post Office Box 388
> Pelham, Alabama  35124-0388

                                                   s/ Helen Kathryn Downs
                                                   Of Counsel

W0514684.DOC