IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| KENITH BURDETT, )| |
| )| |
| Plaintiff, )| |
| )| CIVIL ACTION NO. |
| v. )| 2:05cv499-T |
| )| |
| BANK ONE, N.A., )| |
| et al., )| |
| )| |
| Defendants. )| |

ORDER

After careful consideration of the state-law claims presented in this case, the court does not believe that the following statute and regulations enacted pursuant to it provide "complete preemption" that would support removal jurisdiction pursuant to 28 U.S.C.A. §§ 1331, 1441, nor is the court convinced that a substantial "federal question" is presented, see <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 107 S.Ct. 2425 (1987); <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58 107 S.Ct. 1542 (1987); <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 106 S.Ct.

3229 (1986); <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 103 S.Ct. 2841 (1983); <u>Gully v. First National Bank of Meridian</u>, 299 U.S. 109, 57 S.Ct. 96 (1936): the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 et seq., as amended by the Fair and Accurate Credit Transaction Act of 2003.  And in light of these circumstances, supplemental jurisdiction under 28 U.S.C.A. §§ 1367, 1441 is also inappropriate.

With the above conclusions, however, the court has <u>not</u> held that the state-law claims in this lawsuit are not "preempted" by the above statute.  This court has merely held that there is not such "complete preemption" as would support removal to federal court.  After remand, the state court may still independently conclude that the above statute preempts state law.  See <u>Glasser v. Amalgamated Workers Union Local 88</u>, 806 F.2d 1539, 1540 (11th Cir. 1986) (per curium); <u>see also</u> <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 12-14 & n.12, 103 S.Ct. 2821, 2848 & n.12;

<u>Soley v. First National Bank of Commerce</u>, 923 F.2d 406, 408-09 (5th Cir 1991).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. no. 8) is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that all other motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

Done, this the 2nd day of August, 2005.

                /s/ Myron H. Thompson
            **UNITED STATES DISTRICT JUDGE**